**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNIFIED GOVERNMENT OF )<br>WYANDOTTE COUNTY/KANSAS )<br>CITY, KANSAS, )<br>)<br>        **Plaintiff,** )<br>)<br>**v.** )<br>)<br>UNITES STATES GENERAL SERVICES )<br>ADMINISTRATION, )<br>)<br>        **Defendant.** )<br>_____) | **Case No. 11-2400-WEB** |

**MEMORANDUM AND ORDER**

This matter is before the court on the following motions:

    1. Lexington LAC Lenexa's motion to intervene (Doc. 20);

    2. GSA's motion for a protective order (Doc. 34); and

    3. plaintiff's motion to strike (Doc. 39).

The rulings are set forth below.

**Background**

This is an action by the Unified Government of Wyandotte County/Kansas City,

Kansas seeking judicial review of the General Services Administration (GSA) contract

decision concerning the location of the Environmental Protection Agency's Region 7

headquarters. The action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-

2202, and the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq. & 702 et seq.  The circumstances giving rise this case are highly summarized below.

EPA's Region 7 headquarters is currently located in a leased building in Kansas City, Kansas that was built to GSA's specifications in 1999.  GSA was unsuccessful in negotiating an extension of the lease and solicited proposals for new office space.  The contract was ultimately awarded to Lexington LAC Lenexa, L.P. (Lenexa) for a lease on the former Applebee's headquarters building in Lenexa, Kansas.  Plaintiff asserts that the contract decision violates (1) Executive Order No. 12,072 concerning the protection and development of this nation's "urban core" and (2) Executive Order No. 13,514 concerning the factors to be considered in planning for a new federal facility.  Plaintiff seeks a preliminary injunction prohibiting EPA from moving from its current location and a declaratory judgment that GSA's contracting procedures and decision were "arbitrary, capricious, and otherwise not in accordance with the law."

**Lenexa's Motion to Intervene (Doc. 20)**

Lenexa moves to intervene in the case pursuant to Fed. R. Civ. P. 24(a) and (b).  Plaintiff opposes the motion, arguing that GSA adequately represents Lenexa's interests in this case and that intervention would unduly delay the case.  For the reasons set forth below, the motion to intervene shall be **GRANTED.**

The Tenth Circuit "generally follows a liberal view in allowing intervention under Fed. R. Civ. P. 24(a)."  Elliot Industrial Ltd. Partnership v. BP American Production, 407

F.3d 1091, 1103 (10th Cir. 2005).  Rule 24(a)(2) provides that a party may intervene as a matter of right if the intervening party files a timely motion and (1) claims an interest relating to the property or transaction that is the subject of the action, (2) is so situated that the action may as a practical matter impair or impede movant's ability to protect its interest, and (3) the existing parties do not adequately represent that interest.  Lenexa timely filed its motion to intervene and clearly has an interest (the lease contract and disclosure of confidential business information) that may be impaired in this case.

Plaintiff's main argument is that Lenexa is adequately represented by GSA; therefore, intervention as a matter of right should be denied.  "Representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." Coalition of Arizona/New Mexico v. Dept. of Interior, 100 F.3d 837, 845 (10th Cir. 1996)(citations omitted).  However, representation is not adequate if the movant can show a "possible divergence of interest." Id.  The divergence "need not be great." Id.  The court is satisfied that Lenexa has shown a "possibility" of divergence because plaintiff's claims in this case are based on Executive Orders and GSA is confronted with public interests that are not identical to Lenexa's private interests in securing a tenant.  Under the circumstances, the court is satisfied that Lenexa is entitled to intervene as a matter of right under Rule 24(a)(2).

The court is also persuaded that Lenexa has shown that permissive intervention is appropriate under Fed. R. Civ. P. 24(b).  Rule 24(b) allows for permissive intervention if movant:  (1) files a timely motion, (2) has a claim or defense that shares common questions of law or fact with the main action and, (3) intervention will not unduly delay or prejudice

the original parties' rights.  Lenexa's motion is timely and the validity of its lease contract is the subject of plaintiff's lawsuit.  Moreover, intervention will not unduly delay or prejudice plaintiff or GSA.  Accordingly, Lenexa's alternative theory for intervention is sustained.

**IT IS THEREFORE ORDERED** that Lenexa's motion to intervene (**Doc. 20**) is **GRANTED.**

### Plaintiff's Motion to Strike (Doc. 39)

Plaintiff's motion to strike (Doc. 38) is based on the argument that Lenexa has not been granted leave to intervene; therefore, any brief filed in the case is improperly filed. Because the court has granted Lenexa's motion to intervene, plaintiff's motion to strike is MOOT.

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike (**Doc. 39**) is **MOOT** and therefore **DENIED**.

### GSA's Motion for a Protective Order (Doc. 34)

GSA seeks a protective order concerning proprietary or confidential business data submitted by parties bidding for the lease contract.  Plaintiff "does not dispute that an appropriate protective order should be entered to safeguard sensitive and proprietary information" but disagrees with the terms proposed by GSA.  (Doc. 36, p. 1).  Specifically, plaintiff argues that GSA's proposed order is (1) overly broad, (2) unduly restrictive, and (3) incomplete.  As explained in greater detail below, the motion shall be GRANTED WITH

CONDITIONS.

As noted above, the parties agree that a protective order is warranted but disagree as to the terms of the order.  Relying on routine orders issued by the Federal Court of Claims and the Government Accountability Office, GSA proposes a stipulated, umbrella protective order for "Protected Information" that is defined as:

> information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information.[1]

Plaintiff objects, arguing that the proposed order allows GSA to designate the entire administrative record as protected and includes documents that have already been made public.  GSA counters that publicly disclosed information would not be protected by the order and that it will not designate the entire administrative record as protected.

GSA's agreement that the entire administrative record will not be designated as protected resolves plaintiff's objection that the proposed protective order is overly broad. Accordingly, the court will approve GSA's proposed definition with the caveat that sanctions may be imposed if the court determines that GSA did not have a good faith basis for designating a particular document as "protected information."

Plaintiff also objects that the proposed order is unduly restrictive because it contains a provision requiring persons, before viewing the information, to certify that they will not be

---

[1]  GSA's arguments concerning the procedures utilized in administrative proceedings before the General Accounting Office are of no precedential value.  The decision whether to enter a protective order in this case is governed by the federal rules of civil procedure.

involved in "competitive decision making" or future procurement efforts.[2] Plaintiff contends that GSA's concerns "are much ado about nothing" and that plaintiff's proposed order contains a clause limiting use of the protected information to this litigation.  Because there is little practical difference in the two proposed versions, the court will adopt GSA's certification language.  However, the parties shall add language to the proposed order providing that anyone signing the certification may later move the court to set aside the certification restrictions.

Finally, plaintiff objects that the protective order is incomplete because it does not contain provisions detailing the use of the protected information in (1) depositions, (2) evidentiary hearings, and (3) court filings.  This argument is premature and may be addressed by motion when depositions or an evidentiary hearing is scheduled.  The burden is on the party seeking to utilize the "protected information" to raise the issue with the court before disclosing the information during a deposition or hearing.  With respect to court filings, the parties are referred to the court guidelines for agreed protective orders and D. Kan. Rule 5.4.6 which addresses the procedure for filing confidential documents under seal.  The parties shall incorporate the Rule 5.4.6 language into the proposed protective order and no confidential information shall be filed in the case until a party complies with Rule 5.4.6.

**IT IS FURTHER ORDERED** that GSA's motion for a protective order (Doc. 34)

---

[2] The parties' arguments primarily discuss whether plaintiff's in-house counsel must execute the certification.

is GRANTED with the conditions specified above.  The parties shall confer and submit an order consistent with the rulings herein by **December 2, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of November 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge