**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNIFIED GOVERNMENT OF )<br>WYANDOTTE COUNTY/KANSAS )<br>CITY, KANSAS, )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>UNITED STATES GENERAL SERVICES )<br>ADMINISTRATION, )<br>)<br>      **Defendant.** )<br>) | Case No. 11-2400-JTM |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion "to expedite discovery." (Doc.12).[1] For the reasons set forth below, the motion shall be DENIED.

**Background**

The General Services Administration (GSA) currently leases a building in downtown Kansas City, Kansas for EPA's Region 7 headquarters. Highly summarized, GSA was unsuccessful in negotiating a renewal of the lease and solicited bids for office space in August 2010. On April 5, 2011, GSA announced that the contract for leased space had been

---

[1] Plaintiff is a consolidated city-county government comprised of Wyandotte County, Kansas and the City of Kansas City, Kansas.

awarded to a new entity and that EPA's Region 7 headquarters would be relocated to office space in Lenexa, Kansas, a suburb in the Kansas City metropolitan area. Faced with the prospect of losing over 500 well-paying jobs, plaintiff filed this action under the Administrative Procedure Act (APA) to set aside the new contract, alleging that the solicitation and contract award violated certain Executive Orders. Plaintiff also moved for a preliminary injunction prohibiting GSA from moving EPA to its new location.

## Motion to Expedite Discovery

The pending discovery motion has an unusual history which requires explanation. Plaintiff moved for expedited discovery shortly after filing its complaint and motion for a preliminary injunction. Plaintiff requested that (1) discovery be allowed to proceed before the parties had conferred concerning discovery and (2) the deadline for responding to interrogatories, production requests, and requests for admission be shortened to twenty-one days. GSA opposed the motion, arguing that (1) plaintiff was not entitled to discovery because the court was limited to reviewing the administrative record, (2) plaintiff had not identified specific discovery needed to support its motion for a preliminary injunction, and (3) plaintiff had not shown good cause for expediting discovery responses.

The undersigned judge conducted a status conference to address plaintiff's motion on August 11, 2011. In addition to its initial objections, GSA argued that the District Court of Kansas did not have jurisdiction to adjudicate this contract dispute and that a motion to dismiss would be filed. The court took the motion to expedite discovery under advisement

pending production of the administrative record and review of additional pleadings and briefs. Briefing concerning plaintiff's motion for a preliminary injunction and GSA's motion to dismiss was completed in January 2012. Briefing concerning the motion to expedite discovery was also completed in late January 2012; therefore, the motion to expedite discovery is finally ripe.

The court is not persuaded that discovery (including plaintiff's request to expedite discovery) should proceed at this time. The well-established rule in an APA case is that judicial review of agency action is limited to the evidence before the agency. See, e.g., Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971)(overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977)(judicial review must be based on the full administrative record that was before the agency at the time of its decision)). The court may go outside the administrative record only in limited instances, such as: (1) providing necessary background, or (2) where necessary to explain technical terms or complex subject matter. Franklin Savings Association v. Director of Office of Thrift Supervision, 934 F.2d 1127 (10th Cir. 1991). Plaintiff has not satisfied any of the limited grounds for seeking discovery beyond the administrative record.

In addition to the general rule limiting review to the administrative record, the court notes that GSA's motion to dismiss on jurisdictional grounds and plaintiff's motion for a preliminary injunction are fully briefed. The need for expedited discovery is questionable given the status of those two motions.

Finally, plaintiff argues that discovery is necessary for purposes of the preliminary

injunction hearing and that GSA is relying on evidence beyond the "administrative record" in opposing its motion for a preliminary injunction.[2] The court agrees that a motion for a preliminary injunction raises issues, such as irreparable injury and the balance of harm, that are not likely to be addressed in an agency's administrative record. And, under certain circumstances, some limited discovery might be appropriate to clarify the harm a party might suffer if an injunction were entered. However, the court is not persuaded that discovery is necessary in this instance. Plaintiff is aware of the harm it is likely to suffer through the loss of over 500 jobs and the "declaration" attached to GSA's response brief explains defendant's claimed economic harm if prevented from moving to the new office. The court is not persuaded that discovery is needed concerning the respective "harm" asserted by the parties.

At best, plaintiff argues that discovery is necessary to "test the facts and arguments on which GSA and Intervenor rely." Plaintiff's Reply, Doc. 77, p. 3. This is a broad based request for discovery concerning the merits of the underlying case. Because the court is limited to the administrative record when reviewing the agency's administrative decision in awarding the contract, the court is not persuaded that such broad discovery is warranted.

---

[2] GSA's response to plaintiff's motion for a preliminary injunction includes a three page "declaration" from Dennis Clemons, the "Lease Contracting Officer" for the contract explaining the current lease costs and the costs that will be incurred if EPA is not allowed to move to the new office space. This information is not unlike plaintiff's general assertions concerning the loss in income and tax revenue if the move occurs.

**IT IS THEREFORE ORDERED** that plaintiff's motion for expedited discovery **(Doc. 12)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of February 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge